May it please the court. My name is Bill Sharp. I represent the defendant, Ronald Parry. We have five issues. Two of them are sentencing issues that I'd like to discuss first, and I'd like to join in Mr. Weinerman's arguments rather than rehash the same arguments, but perhaps picking up where the argument just left off, I would like to add a few thoughts about the question that was just discussed. My answer really centers on Blakely v. Washington. The Blakely court, in its opinion, stated that the statutory maximum for apprendee purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. Okay, so let's go back to the example. Someone's facing 10 charges and agrees to plead to one of them and to take a 10-year sentence, and he says, I admit the following facts, and he lays out the controlled substance offense, and the judge imposes 10 years. Where's the problem? The problem, Your Honor, is that that is Those are facts admitted in open court by the defendant. No, it's what it is. It's not that. It's the defendant stipulating away his Sixth Amendment right to have these facts established by the jury. Blakely's about facts. Blakely's about facts. But it wouldn't matter if the defendant goes to trial, or if he pleads guilty. The most a court can give him in a drug case in Oregon, due to the specific sentencing statute in Oregon, 475996, that says, that lays out the statutory maximum for a drug case. So if you're saying that would be an unlawful sentence under Oregon law, if he pled guilty to an unagreed to a 10-year sentence, he would be agreeing to an unconstitutional sentence? Is that your position? It would be unconstitutional unless he stipulated away his constitutional right, I suppose, yes. Well, that would be unconstitutional. You can't, if the statutory maximum is five years, you can't agree to a 10-year sentence. I agree with that. Are you saying that's the case here? That if he stipulated to one count, 10 years, instead of being tried on denial, that that would be an unlawful sentence? I think it would violate 475996, which sets out what the maximum penalty is for drug cases in Oregon. So your answer to the last counsel is, well, you may do that, but those sentences are, in fact, as a matter of law, unlawful. That's correct, Your Honor. In other words, the real question is, what is the meaning of statutory maximum? And so you come back to having to ask which statute. And there is a general statute, the one that was discussed by counsel, having the old one in 1971 having to do with indeterminate sentences. But then, starting in 1989, as Mr. Weinerman correctly noted, we not only have determinate sentencing and a specific statute that provides for that, but moreover, we have a specific statute, the 475996, which sets a cap for drug sentences. I would like to revisit. I know in my brief I made two arguments. First of all, I stated that Murillo was distinguishable. And secondly, I made the argument that Murillo was wrongly decided. I realize that's somewhat of a bold argument. I don't think for the defendant to prevail here that this Court has to decide that Murillo was wrongly decided. I'd like to revisit the case law that led up to Murillo a little bit. Now, Murillo stated that we look at the maximum penalty allowed by law, and the maximum is a statutory maximum for the offense. And so I'd like to revisit what I just said about drug cases. The statutory maximum for drug cases in Oregon for the offense is governed by 475996. We look at that, not the sentence available in the particular case under the guidelines. So that Court looked at, rejected the idea that the particular case governed what the statutory maximum was. Murillo cited Rios Beltran. Rios Beltran's, and that's cited in my brief, and it says that we look at the maximum penalty allowed by law. That was an illegal reentry case, and the question is whether the defendant was convicted of an aggravated felony. And then Rios Beltran cites U.S. v. Robles Rodriguez. That was an Arizona case. Arizona had felony drug possession. However, it had a specific statute, just like Oregon has, 475996, that governed drug offenses for first-time and second-time offenders. And in that case, U.S. v. Robles Rodriguez, it's a 2002 case, the Court noted that judges had no discretion to sentence first-time offenders to incarceration. And so, in other words, the defendant in that case could not have been convicted of an aggravated felony. He was a first-time offender. He could not have been sentenced to more than a year. And so, very frankly, if we look at this trail of cases, starting with Robles Rodriguez, then Rios Beltran, and then Murillo, you can see that the Oregon case and our case, Mr. Perry's case, and I think probably the Gibson case also, most closely approximates this U.S. v. Robles Rodriguez. And so, my point is, the reality is, if nobody could have gotten more than 90 months for no matter how bad your record was, no matter how much meth that you delivered, then that is what is prescribed by law. The government's argument boils down to, if these statutes didn't exist, if the determinant sentencing statutory scheme did not exist, if 475-996 did not exist, then the defendant could have gotten a 10-year sentence. And so, in other words, it's kind of like the defendant attempting to stipulate away some statutes. And it's an interesting argument. I've never seen it. I practice state law in Oregon also. I don't know if it's possible, but my argument is it violates 475-996. The problem with the government's argument basically saying, if we didn't have guidelines, then the statutory maximum would be 10 years is this. As soon as you use the word if, you're contending for a state of facts that doesn't exist in Oregon. The state of the law is, you cannot get more than 90 months for any drug conviction in Oregon. And so, that's what prescribed by law means. The only analogy I'd like to make this morning has to do, but it has to do with what prescribed by law means. It's an embarrassing fact of Oregon history that many towns, including my hometown of Eugene, had sundown laws for many years, where black people had to get out of town by sundown. And some of the southern Oregon towns even had these laws into the 70s. Now, we did have the Civil Rights Act, which guaranteed equal rights to public accommodation. But that was, I believe, 64-65. But my point is, the law no longer prescribed in 1967 states that a police officer in Medford could escort a black person out of town at dusk, notwithstanding the fact the sundown law was still on the books. Well, you're saying that the statute that limits it to the 90 months sort of repeals pro tanto the longer statute that existed previously. Two things. Yes, Your Honor. It's specific. It's specific governance over the general. And so, essentially, I'm saying it supersedes it, yes. And so, the statute didn't go away, but there's a more specific statute that governs. And you're saying, therefore, no matter what kind of plea or anything else, there's no way that a judge can lawfully give a sentence in Oregon of longer than 90 months, and that's controlling statutory provision in Oregon. Yes. Well, if you were correct in all of that, and you would be correct in your argument, but whether that statute does override the 10-year maximum is another question. I don't know how a defendant could stipulate around 475996. It might be being done, but I certainly think that's not legal. Well, one thing is it could be read the way the counsel said the last time, that that is a provision, but that the other statute remains in effect, and it doesn't bar You're not barred from agreeing to You're not barred by the newer statute from agreeing to a 10-year term. That's a possible interpretation also. Yes. I'd like to move on to the other sentencing argument, if I may, unless there are further questions on the predicate issue. Yes. You've got five issues, you say, and you're done with half your time. I'll try to get through a few of them. Your Honor, the sentencing issues are very important to Mr. Perry. As the government stated in its trial memorandum, the presumptive guideline sentence for the drug offense was going to be between 46 and 57 months. That's a level 16. And so then if you add the 924C count, five-year count for that, you come up with somewhere between 9 and 10 years. Mr. Perry was sentenced to 30 years. So both the issue of the 924E charge, the issue that we just discussed about whether there are sufficient predicates for a career offender, minimum sentence of 15 years, that's important. But certainly also the court's finding of career offenders is very important to us as well. So in other words, even if Mr. Perry had been convicted of the drug charge, the 924C charge, and then if the 924E, the ACC charge, doesn't hold and it drops down to what's the felon in possession of a weapon, the 922G, that's 12 to 18 months. So he's looking at somewhere between 9 and 11 years if the predicate offenses aren't there, as I was just arguing, and then secondly, if the career offender finding was not appropriate. The government did not plead the career offender enhancement, although it did plead other enhancements. The government did not prove all the elements of the career offender to a jury beyond a reasonable doubt. Counsel, why isn't your argument in this regard foreclosed by the Weiland case, U.S. v. Weiland? Is that the early 90s case, Your Honor? It's from 2005. Let me see if I have a copy of that. I don't actually have a copy of it on my folder, I'm sorry. But if you're not familiar with it, go ahead. I'm not. I can say that my position is as follows. In Blakely v. Washington, the court held that the defendant had a Sixth Amendment right to a jury trial or to have the jury find any particular fact that the law makes essential to his punishment. Counsel, we're going to take a short break now, and we'll be back in about 5 or 10 minutes. Very well. Maybe I can find that case in the meantime. Thank you.
judges: Reinhardt, Graber, Lew